STATE of Wisconsin, Plaintiff-Respondent,

v.

Kathy J. JOHNSON, Defendant-Appellant.

Court of Appeals

*No. 2006AP870–CR. Oral argument January 3, 2007.
—Decided February 6, 2007.*

2007 WI App 41

(Also reported in 730 N.W.2d 661.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of and oral argument by *Jeremy C. Perri*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of and oral argument by *Juan B. Colas*, assistant attorney general and *Peggy A. Lautenschlager*, attorney general.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J. Defendant Kathy J. Johnson appeals from an order denying her Postconviction Motion to Determine Eligibility for Earned Release Program Pursuant to WIS. STAT. § 302.05. Because we conclude that the Department of Corrections' (DOC) policy to take no position on an inmate's petition for eligibility for the Earned Release Program (ERP) is effectively approval, under § 302.05(3)(e) (2003–04),[2] of the inmate's right to petition the trial court for a

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

determination of eligibility, we reverse and remand this case to the trial court for a determination of Johnson's eligibility for the ERP.

## Background

¶ 2. On February 23, 2001, Johnson was charged with one count of operating a motor vehicle while under the influence of an intoxicant (OWI) as a fifth offense, in violation of WIS. STAT. §§ 346.31(1)(a) and 346.65(2), and with one count of hit and run, in violation of WIS. STAT. § 346.67(1)(a). On April 19, 2001, Johnson pled guilty to both counts and on June 11, 2001, she was sentenced to four and one-half years of imprisonment consisting of eighteen months of initial confinement and three years of extended supervision. On May 28, 2005, while on extended supervision from the 2001 offense, Johnson was arrested in Washington County for a sixth OWI. On September 2, 2005, the trial court revoked Johnson's extended supervision and ordered Johnson reconfined for a period of thirty months, with the balance of her sentence to be served on extended supervision.

¶ 3. On March 17, 2006, Johnson filed her post-conviction motion petitioning the trial court for a determination of whether she was eligible for the ERP. By decision and order dated March 20, 2006, the trial court denied Johnson's motion finding the DOC had not approved her filing the petition as required by WIS. STAT. § 302.05(3)(e). Johnson appealed.

## Standard of Review

¶ 4. We review statutory construction *de novo*. *Hutson v. Wisconsin Pers. Comm'n*, 2003 WI 97, ¶ 31, 263 Wis. 2d 612, 665 N.W.2d 212. When we construe a

statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. "In construing or interpreting a statute the court is not at liberty to disregard the plain, clear words of the statute." *Id.*, ¶ 46 (citation omitted).

> [A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses. It is not enough that there is a disagreement about the statutory meaning; the test for ambiguity examines the language of the statute "to determine whether 'well-informed persons *should have* become confused,' that is, whether the statutory ... language *reasonably* gives rise to different meanings. Statutory interpretation involves the ascertainment of meaning, not a search for ambiguity."

*Id.*, ¶ 47 (citations omitted). If the statute's language is not clear on its face, we also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48; *Lenticular Europe, LLC v. Cunnally*, 2005 WI App 33, ¶ 10, 279 Wis. 2d 385, 693 N.W.2d 302. Accordingly, we interpret statutory language in the context in which it is used, not in isolation, but as part of a whole, in relation to the language of surrounding or closely related statutes, and reasonably so as to avoid absurd or unreasonable results. *Kalal*, 271 Wis. 2d 633, ¶ 46.

### Discussion

¶ 5. The sole issue in this appeal is whether the DOC's policy, for an inmate serving a sentence which commenced prior to July 26, 2003, to take no position on an inmate's petition for eligibility for the ERP consti-

tutes approval of such petition under WIS. STAT. § 302.05(3)(e).

¶ 6. WISCONSIN STAT. § 302.05(3)(e) was created in 2003 Wis. Act 33. Also created in 2003 Wis. Act 33 were WIS. STAT. §§ 972.15(2b) and 973.01(3g). All three statutes relate to the ERP and will be discussed below as needed for the interpretation of "approval" as used in § 302.05(3)(e).

¶ 7. WISCONSIN STAT. § 302.05[3] establishes the substance abuse treatment program administered by the

---

[3] WISCONSIN STAT. § 302.05, entitled "Wisconsin substance abuse program," states, in relevant part:

**(1)** ... This section shall be administered by the department of corrections and shall be known as the Wisconsin substance abuse program . . . .

. . . .

**(3)** (a) In this subsection, "eligible inmate" means an inmate to whom all of the following apply:

1. The inmate is incarcerated regarding a violation other than a crime specified in ch. 940 or s. 948.02, 948.025, 948.03, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, 948.085, or 948.095.

2. If the inmate is serving a bifurcated sentence imposed under s. 973.01, the sentencing court decided under par. (e) or s. 973.01 (3g) that the inmate is eligible to participate in the earned release program described in this subsection.

(b) Except as provided in par. (d), if the department determines that an eligible inmate serving a sentence other than one imposed under s. 973.01 has successfully completed a treatment program described in sub. (1), the parole commission shall parole the inmate for that sentence under s. 304.06, regardless of the time the inmate has served. If the parole commission grants parole under this paragraph, it shall require the parolee to participate in an intensive supervision program for drug abusers as a condition of parole.

(c) 1. Except as provided in par. (d), if the department determines that an eligible inmate serving the term of confine ment in prison portion of a bifurcated sentence imposed under s. 973.01 has successfully completed a treatment program described

DOC. *Id.* The ERP is part of this program. *State v. Owens*, 2006 WI App 75, ¶ 5, 291 Wis. 2d 229, 713 N.W.2d 187. "An inmate serving the confinement portion of a bifurcated sentence who successfully completes the ERP will have his or her remaining confinement period converted to extended supervision, although the total length of the sentence will not change," pursuant to § 302.05(3)(c)2. *Owens*, 291 Wis. 2d 229, ¶ 5.

in sub. (1), the department shall inform the court that sentenced the inmate.

2. Upon being informed by the department under subd. 1. that an inmate whom the court sentenced under s. 973.01 has successfully completed a treatment program described in sub. (1), the court shall modify the inmate's bifurcated sentence as follows:

a. The court shall reduce the term of confinement in prison portion of the inmate's bifurcated sentence in a manner that provides for the release of the inmate to extended supervision within 30 days of the date on which the court receives the information from the department under subd. 1.

b. The court shall lengthen the term of extended supervision imposed so that the total length of the bifurcated sentence originally imposed does not change.

(d) The department may place intensive sanctions program participants in a treatment program described in sub. (1), but pars. (b) and (c) do not apply to those participants.

(e) If an inmate is serving the term of confinement portion of a bifurcated sentence imposed under s. 973.01, the sentence was imposed before July 26, 2003, and the inmate satisfies the criteria under par. (a) 1., the inmate may, with the department's approval, petition the sentencing court to determine whether he or she is eligible or ineligible to participate in the earned release program under this subsection during the term of confinement. The inmate shall serve a copy of the petition on the district attorney who prosecuted him or her, and the district attorney may file a written response. The court shall exercise its discretion in granting or denying the inmate's petition but must do so no later than 90 days after the inmate files the petition. If the court determines under this paragraph that the inmate is eligible to participate in the earned release program, the court shall inform the inmate of the provisions of par. (c).

791

¶ 8. WISCONSIN STAT. § 302.05(3)(e) governs inmate petitions for the determination of eligibility for the ERP for inmates sentenced prior to the effective date of § 302.05, *i.e.,* July 26, 2003. Section 302.05(3)(e) provides the procedure to be followed and states, in relevant part:

> If an inmate is serving the term of confinement portion of a bifurcated sentence imposed under s. 973.01, the sentence was imposed before July 26, 2003, and the inmate satisfies the criteria under par. (a) 1., the inmate may, with the department's approval, petition the sentencing court to determine whether he or she is eligible or ineligible to participate in the earned release program under this subsection . . . .

(Emphasis added.)

¶ 9. Johnson argues that the language in WIS. STAT. § 302.05(3)(e) that an "inmate may, with the department's approval, petition" means that the DOC merely must give "permission" for the inmate to file a petition with the sentencing court. Johnson goes on to argue that the DOC's blanket policy to take no action on any petition, but rather to "allow[ inmates] to file the petition for determination, and that the [DOC] would subsequently honor the court's determination" constitutes the approval required under § 302.05(3)(e).

¶ 10. The State argues that because the DOC neither approves nor disapproves these petitions, the trial court correctly found that the DOC had not approved Johnson's filing of her petition. Therefore, the State concludes that the trial court correctly denied the petition. Under this analysis, no otherwise eligible inmate will ever be able to petition because the DOC has not "approved" filing the petition. We do not believe the legislature intended to allow the DOC to block access to the courts for inmates who had met all the statutory criteria necessary to file a petition.

¶ 11. After briefing was complete in this matter, counsel for Johnson provided to this court copies of circuit court forms[4] developed by the Wisconsin Records Management Committee of the Director of State Courts (RMC). Johnson argued, in her counsel's December 21, 2006 correspondence to this court and at oral argument, that these forms support Johnson's "argument that the disputed statute mandates department approval *to* **file** the petition, and that the statute does not mandate [] department approval *of* the petition" on its merits. (Italics in original; bolding added.) The State, in responding to the December 21, 2006 correspondence, argued that "[t]he forms support the state's position that 'approval of the department' in Wis. Stat. § 302.05(3)(e) means more than permission to file a petition with a court." The State noted that:

> In the department approval form, CR-264, the department certifies that the petitioner is 1) serving the confinement portion of a bifurcated sentence, 2) that the sentence is not for a disqualifying offense, 3) that the court has not previously determined eligibility or ineligibility for the earned release program and 4) that the department approves the filing of the petition.

---

[4] The following forms were attached to the December 21, 2006 letter from defendant's counsel to this court and to the December 28, 2006 letter from the State to this court: CR-264 (also DOC form DOC-2251), Department of Corrections Approval to File Petition for Determination of Eligibility for the Earned Release Program § 302.05(3)(e) and its companion summary, CR-264S; and CR-263, Petition for Determination of Eligibility for the Earned Release Program § 302.05(3)(e) and its companion summary, CR-263S. These forms are located on the Wisconsin Courts website at http://wicourts.gov/forms/CR-264.PDF, http://wicourts.gov/forms/CR-264S.PDF, http://wicourts.gov/forms/CR-263.PDF, and http://wicourts.gov/forms/CR-263S.PDF, respectively.

793

¶ 12.   The State goes on to argue that this form for DOC approval is not required and, quoting the form's accompanying summary provided by the RMC, notes specifically that this form "will be helpful to the court in reviewing the petition" and that it "will minimize the opportunity for the inmate to provide false or misleading information." The State concludes that this form proves that the approval WIS. STAT. § 302.05(3)(e) requires is "a certification by the department that the inmate is not statutorily disqualified from consideration [b]ecause the department is in a better position than the courts to be aware of the inmate's controlling sentences (which may have been imposed by different courts, not just the court being petitioned)."

¶ 13.   Relatedly, in WIS. STAT. § 972.15(2b), which was created, as noted above, in the same 2003 Wis. Act 33 as WIS. STAT. § 302.05(3)(e), the presentence investigation (PSI) report preparer is required to include in the PSI report "a recommendation as to whether the defendant should be eligible to participate in the earned release program under s. 302.05 (3)." 2003 Wis. Act 33, § 2748. As part of the PSI report preparer's recommendation, § 972.15(2b) specifically requires the preparer to state whether the defendant meets the eligibility requirements of § 302.05(3)(a)1., *i.e.*, whether the defendant is being incarcerated for a violation of any of the following:   WIS. STAT. ch. 940 or §§ 948.02, 948.025, 948.03, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, or 948.095. Sec. 972.15(2b). Consequently, *it* appears from the simultaneous adoption of these two statutes that the legislature intended for the DOC to provide the sentencing court with basic administrative information necessary for the court to exercise its discretion, pursu-

ant to Wis. Stat. § 973.01,[5] specifically in deciding whether a defendant is eligible to participate in the ERP.

¶ 14. Wisconsin Stat. § 302.05 sets forth no criteria which the DOC must use in its determination of whether to approve an inmate's petition. Section 302.05 does identify those inmates who are *not* eligible for the ERP because they either were sentenced under one of the statutes listed in § 302.05(3)(a)1. or were participants in the intensive sanctions program. Wis. Stat. §§ 302.05(3)(a)1. and (d). Because inmates may be incarcerated under multiple sentences from multiple counties, the State argues, and we agree, that the DOC is in the best position to determine, and inform the court, whether a specific inmate is ineligible for the ERP because of the statutory exclusions. This approach is consistent with Wis. Stat. § 972.15(2b) which requires that the PSI preparer tell the court whether the defendant is statutorily eligible for the ERP under § 302.05(3)(a)1. It is also consistent with Truth-In-Sentencing,[6] in which the legislature specifically took

---

[5] Wisconsin Stat. § 973.01 states, in relevant part:

> (3g) Earned release program eligibility. When imposing a bifurcated sentence under this section on a person convicted of a crime other than a crime specified in ch. 940 or s. 948.02, 948.025, 948.03, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, or 948.095, the court shall, as part of the exercise of its sentencing discretion, decide whether the person being sentenced is eligible or ineligible to participate in the earned release program under s. 302.05 (3) during the term of confinement in prison portion of the bifurcated sentence.

As noted in ¶ 6 above, § 973.01(3g) was also created in 2003 Wis. Act 33. *See* 2003 Wis. Act 33, § 2749.

[6] The original truth-in-sentencing legislation (TIS-I) was passed in June 1998, and became effective for crimes committed

away from the administrative agencies the ability to grant parole or other early release and placed within the discretion of the courts the amount of extended supervision for which a defendant would be eligible, as well as the eligibility of a defendant to participate in any early release programs. If the legislature intended to give to the courts the responsibility of determining whether an individual is eligible for participation in a program, it is incongruous to read § 302.05(3)(e) as returning that discretion to the DOC, and essentially preventing the courts from ruling on an otherwise eligible defendant. Accordingly, we conclude that the DOC approval required by § 302.05(3)(e) is merely a determination that the petitioner is not statutorily excluded from eligibility for ERP, and the exercise of discretion as to whether the inmate *should* be included in ERP eligibility is a matter for the trial court. Here, the DOC did not provide the information required; in fact, the DOC provided no information at all with respect to whether Johnson was eligible for the ERP.

¶ 15. In explanation for this lack of information and refusal to act on Johnson's petition, the record establishes that when the DOC initially implemented WIS. STAT. § 302.05(3)(e), it provided the following guidance to its institutions in a publication entitled, "Wisconsin Department of Corrections EARNED RELEASE PROGRAM" (DOC ERP Publication):[7] "**Note: For**

on or after December 31, 1999. 1997 Wis. Act 283. The second wave of truth-in-sentencing legislation (TIS-II) was passed and became effective February 1, 2003. 2001 Wis. Act 109.

[7] This document was attached to the State's appendix at p. R-Ap. 101–10. At the writing of this opinion, it was available at http://www.wi-doc.com/index_adult.htm (scroll down to ERP Program and click on link), p. 2 n.1 (last viewed on January 9, 2007).

**purposes of initial implementation of the program, the Department will be implementing this law prospectively, from the effective date of the law – meaning inmates who were sentenced <u>before July 26, 2003 will **not** be considered for the program at this time.</u>**" (Bolding and underlining in original.) This blanket refusal to approve petitions for the ERP inmates incarcerated on sentences commencing prior to July 26, 2003, even though they may be otherwise eligible under § 302.05(3)(e), appears to directly conflict with legislative policy allowing courts to determine whether such inmates should be eligible. The record contains no evidence that this policy has been suspended or changed. The State at oral argument also represented that this policy remains in effect. The State at oral argument argued that Johnson's only remedies were to either file a writ of mandamus or to pursue administrative remedies within the DOC.

¶ 16.   It is the court's responsibility to determine whether a defendant will be eligible for the ERP under his or her particular sentence. In order to accomplish this, the court needs the following information:

- Under what statutes the individual is sentenced;

- Whether the individual is under the intensive sanctions program;

- Whether the individual has previously participated in the ERP, so may not be eligible again; and[8]

- Whether the individual has a drug or alcohol addiction.

---

[8] Only the three statutes passed in 2003 Wis. Act 33 address the ERP and none of them list previous participation as a bar to subsequent further eligibility. However, eligibility as determined by the trial court is a matter of discretion using the sentencing factors, so the court could consider a subsequent

This information may not all be in the particular court file. This information is, however, available in the inmate's DOC files, which contain information from any county which has sentenced the inmate in question. Thus, the DOC is in the best position to provide the court with the necessary eligibility information about the incarcerated individual. The DOC has access to all the sentences under which an inmate is sentenced and is in the best position to inform the court if the inmate is ineligible for the ERP under any of the factors identified in WIS. STAT. § 302.05. By its refusal to take any action, the DOC has denied the court the very information which it requires in order to determine whether a petitioning inmate is statutorily eligible for the ERP. The context of the statute convinces us that the legislature directed the DOC to provide this information by way of approval of the filing of the petition when it passed § 302.05.

¶ 17. Accordingly, we conclude that the DOC's policy of refusal to take action on inmate petitions brought pursuant to WIS. STAT. § 302.05(3)(e) must constitute approval for purposes of the statute. To hold otherwise would make a mockery of the legislative determination that an inmate sentenced prior to July 26, 2003, has a right to petition the court for ERP eligibility.

¶ 18. This opinion should not be construed, however, as prohibiting the DOC from adopting a method by which it exercises its responsibilities under WIS. STAT. § 302.05(3)(e) and approves the filing of petitions which satisfy the statutory requirements, thereby permitting a court to exercise its discretion as to whether a

---

failure to "stay clean" and to continue criminal conduct as a factor against an individual being eligible for the ERP.

particular inmate *should* be eligible for the ERP treatment program. However, until the DOC adopts such a method, this court has no alternative but to construe its failure to act as effective approval of an inmate's right to file the petition. As this court has noted, to hold otherwise would allow the DOC to bar an otherwise eligible inmate such as Johnson from the court's determination to which the legislature has determined she is entitled.

### Conclusion

¶ 19.   For all the foregoing reasons, we reverse the trial court's order dismissing Johnson's petition and remand this case for a determination by the trial court of Johnson's eligibility for the ERP.

*By the Court.*—Order reversed and cause remanded.