Matthew D. KRISKA, Petitioner-Appellant,†

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION and Wisconsin Department of Corrections, Respondents-Respondents.

Court of Appeals

*No. 2007AP813. Submitted on briefs November 6, 2007.*
*—Decided December 11, 2007.*

2008 WI App 13

(Also reported in 745 N.W.2d 688.)

† Petition to review denied 4/14/08.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *JoAnne Breese-Jaeck* and *Anthony P. Hahn* of *Hostak, Henzl & Bichler, S.C.* of Racine.

On behalf of the respondents-respondents, the cause was submitted on the brief of *J.B. Van Hollen, attorney general* and *David C. Rice, assistant attorney general*.

Before Curley, P.J., Wedemeyer and Fine, JJ.

¶ 1. WEDEMEYER, J. Matthew D. Kriska appeals from a circuit court order affirming the decision of the Wisconsin Employment Relations Commission (WERC) dismissing Kriska's appeal on the basis that it did not have jurisdiction. Kriska contends that WERC does have jurisdiction to hear the appeal of his dismissal

from employment as a Supervising Officer 2 by the Wisconsin Department of Corrections (DOC). He argues that although he was in a promotional probationary period for the Supervising Officer 2 position, he had acquired permanent status in his previous position as Supervising Officer 1. Thus, he asserts that he should have the right to appeal his dismissal. Because the statutes allow appeals only when an employee has the status of "permanent status in class," and not for a position wherein the employee is serving a promotional probationary period, we affirm.

## BACKGROUND

¶ 2. In July 1995, Kriska was hired by DOC as a correctional officer. In November 2001, he was promoted to the position of Lieutenant (Supervising Officer 1). He successfully completed the probationary period associated with that promotion and acquired permanent employee status in the Supervising Officer 1 position.

¶ 3. Subsequently, in November 2005, Kriska was promoted to Captain (Supervising Officer 2). This position required a twelve-month probationary period.[1] On January 11, 2006, Kriska was advised that a subordinate had alleged that he had sexually harassed the female officer by asking her for a "lap dance." Kriska denied asking for a "lap dance," but did admit that he made an inappropriate joke that the subordinate "danced pretty good" at a Friday night party. After further investigation and several meetings, Kriska re-

---

[1] In the record, Kriska asserts that the probationary period was reduced to six months due to past performance, but the State indicates that no waiver was given. It is not necessary for us to resolve this dispute.

ceived a letter in March 2006, notifying him that his promotional probationary period for Captain was being terminated due to violation of work rules #7 and #13,[2] and he was being returned to his Lieutenant position at that corresponding rate of pay. Kriska appealed from the dismissal, alleging that he was denied his right to a "just cause" determination.

¶ 4. DOC filed a motion to dismiss Kriska's appeal on the grounds that WERC lacks jurisdiction to hear the appeal of the termination of an employee's probationary period. In response, Kriska filed a brief opposing the motion to dismiss, asserting that because he obtained permanent status in class long before the current promotion, and because the promotion was within the same department, he cannot be dismissed without a just cause determination on appeal, pursuant to Wis. Stat. § 230.44(1)(c) (2005–06),[3] which provides: "If an employee has permanent status in class . . . the employee may appeal a demotion, layoff, suspension, discharge or reduction in base pay to the commission, if the appeal alleges that the decision was not based on just cause."

¶ 5. In September 2006, WERC dismissed Kriska's appeal for lack of subject matter jurisdiction. WERC provided the following explanation for its decision:

> Pursuant to . . . *Board of Regents v. Wisconsin Personnel Commission*, 103 Wis. 2d 545, 309 N.W.2d

---

[2] Work rule #7 states: "Making false, inaccurate or malicious statements about employees, inmates, offenders or the Department." Work rule #13 states: "Intimidating, interfering with, harassing (including sexual or racial harassment), demeaning, or using abusive language in dealing with others."

[3] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

316

366 (Ct. App. 1981), this agency, as the successor agency to the Personnel Commission for appeals filed under Sec. 230.44, Stats., lacks subject matter jurisdiction over appeals of probationary termination decisions where the employee is serving an initial probationary period and, therefore, lacks the "permanent status in class" required in Sec. 230.44(1)(c), Stats.

. . . .

In the present case, Appellant had been promoted from a Supervising Officer 1 (SO1) position to fill an SO2 vacancy. His probationary period as an SO2 was terminated before he had obtained permanent status in that classification. Upon Mr. Kriska's termination from the SO2 position, Respondent continued his employment by restoring him to a Supervising Officer 1 position. Probationary periods are required for all original appointments as well as all promotional appointments. Sec. ER-MRS 13.03, Wis. Adm. Code. As noted in Sec. ER-MRS 13.08(1), the "appointing authority may dismiss any employee without the right of appeal during the employee's probationary period." The action that was taken by DOC related solely to Appellant's probationary status and it did not interfere with his permanent status in the Supervising Officer 1 classification. Therefore is was not a discharge that could be reviewed by the Commission pursuant to Sec. 230.44(1)(c). The distinction is clarified by Sec. ER-MRS 14.03(1):

> [T]he promoted employee shall be required to serve a probationary period. At any time during this period the appointing authority may remove the employee from the position to which the employee was promoted *without the right of appeal* and shall restore the employee to the employee's former position . . . . Any *other* removal, suspension without pay, or discharge during the probationary period shall be subject to

317

s. 230.44(1)(c), Stats. (Emphasis added.) Appellant was restored to his former position and there is no indication that the probationary dismissal was accompanied by a suspension, discharge or reduction in the base pay that Mr. Kriska had earned as an SO1. Therefore, the Commission lacks jurisdiction to review the action.

¶ 6. Kriska then proceeded to appeal WERC's determination that it lacked subject matter jurisdiction to the circuit court. The circuit court, in a February 2007 written decision agreed with WERC's analysis and affirmed the dismissal of the appeal, based on lack of jurisdiction. Kriska now appeals to this court.

## DISCUSSION

¶ 7. The issue in this appeal is whether WERC erred in determining that it lacked subject matter jurisdiction to hear Kriska's appeal from DOC's termination of his probationary period for the Captain (SO2) position and returning him to the Lieutenant position (SO1). We conclude that WERC did not err. In reviewing an agency's determination on whether it has the power to hear an appeal, we are presented with a question of law, which we review *de novo*. *Loomis v. Wisconsin Pers. Comm'n*, 179 Wis. 2d 25, 30, 505 N.W.2d 462 (Ct. App. 1993) ("Whether an agency has jurisdiction to act presents a legal issue that we review *ab initio* .... Decisions of an administrative agency that deal with the scope of its own power are not binding on this court."). In addition, statutory construction and interpretation of administrative code provisions both involve legal issues, which we review independently. *State v. Johnson*, 2007 WI App 41, ¶ 4, 299 Wis. 2d 785, 730 N.W.2d 661; *State v. Harenda Enters., Inc.*, 2006 WI App 230, ¶ 8, 297

Wis. 2d 571, 724 N.W.2d 434, *review granted,* 2007 WI 61, 300 Wis. 2d 191, 732 N.W.2d 857. The purpose of statutory interpretation is to discern the intent of the legislature. *McEvoy v. Group Health Coop.,* 213 Wis. 2d 507, 528, 570 N.W.2d 397 (1997). To determine this intent, we look first to the plain language of the statute. *Id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, it is our duty to apply that intent to the case at hand, and not look beyond the statutory language to ascertain its meaning. *Reyes v. Greatway Ins. Co.,* 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999).

¶ 8. Kriska contends that the plain language of Wis. Stat. §§ 230.44(1)(c), 230.28 and 230.34(1)(a) & (1)(ar) require an employee who has achieved permanent status in *any* class to have appellate review for any disciplinary demotions or reductions in pay imposed during a promotional probationary period. We are not convinced that the statutes, together with the administrative code provisions, can be interpreted in such a fashion.

¶ 9. The statutes referenced by Kriska provide in pertinent part as follows. As we have seen Wis. Stat. § 230.44(1)(c) states: "If an employee has permanent status in class . . . the employee may appeal a demotion, layoff, suspension, discharge or reduction in base pay to the commission, if the appeal alleges that the decision was not based on just cause." Wisconsin Stat. § 230.28(1)(d) provides: "A promotion or other change in job status within an agency shall not affect the permanent status in class and rights, previously acquired by an employee within such agency." Wisconsin Stat. § 230.34(1)(a) indicates: "An employee with permanent status in class . . . may be removed, suspended without pay, discharged, reduced in base pay or demoted

319

only for just cause," and according to § 230.34(1)(ar), this section applies to "all employees with permanent status in class in the classified service."

¶ 10. We do not interpret these statutory provisions to permit an appeal under the circumstances in this case. Wisconsin Stat. § 230.28(1)(a) provides that "dismissal may be made at any time during" the probationary period or promotional probationary period. The administrative code addresses the status and rights of employees during promotional probationary periods:

> PROMOTION WITHIN THE SAME AGENCY. In accordance with s. 230.28(1), Stats., the promoted employee shall be required to serve a probationary period. At any time during this period the appointing authority may remove the employee from the position to which the employee was promoted without the right of appeal and shall restore the employee to the employee's former position . . . . Any other removal, suspension without pay, or discharge during the probationary period shall be subject to s. 230.44(1)(c), Stats.

WIS. ADMIN. CODE § ER-MRS 14.03.

¶ 11. Based on the clear language set forth above, the only reasonable interpretation is that an employee serving a promotional probationary period can be removed from that position without the right to appeal. This is exactly what happened in the instant case. The statutory rights extended to an employee with permanent status protect the employee by requiring that the employee be returned to the pre-promotion position, rather than completely terminated from state service.

¶ 12. We are not convinced that an employee's status as a permanent employee in one position entitles him/her to permanent status rights when serving a promotional probationary period in a different position.

Neither the statutory language nor case law in this state support such a contention. Although no case is directly on point, *Arneson v. Jezwinski*, 225 Wis. 2d 371, 592 N.W.2d 606 (1999) supports our conclusion.

¶ 13. In that case Arneson, a University of Wisconsin employee was promoted within his department after approximately nine years of service. *Id.* at 375–76. While serving the probationary period for the new position, a subordinate employee filed a sexual harassment complaint against Arneson. *Id.* at 375. As a result, Arneson was suspended for thirty days without pay and demoted to a position that was below the position he had held prior to the promotion. *Id.* at 378. The personnel commission accepted jurisdiction and directed that a hearing be conducted. The University was ordered to return Arneson to the position he held at the time the discipline was imposed. *Id.* at 379. The pertinent portion of the *Arneson* decision stated:

> When Arneson was promoted within [the University], he had already acquired permanent status in class and rights [in his previous position] and therefore he retained his permanent status pursuant to the dictates of WIS. STAT. § 230.28(1)(d). And as an employee with permanent status in class, the defendants were required to abide by WIS. STAT. § 230.34(1)(a) when they disciplined him, just as they would have been required to do when disciplining any other permanent status employee.

*Arneson*, 225 Wis. 2d at 395. Kriska argues that this passage supports his position. We disagree. The supreme court in *Arneson* held that Arneson had a constitutionally protected property interest in his *pre-promotion* position, in which he had obtained permanent status in class. *Id.* at 393. The discipline imposed on Arneson put him in a position lower than he was in before the promotion. The conclusion drawn by the court was that

any discipline affecting his permanent status in class *in his previous position* could be maintained only for just cause, as required in Wis. Stat. § 230.34(1)(a).

¶ 14. The facts in Kriska's case are very different. Kriska achieved permanent status in class in the position of Lieutenant (SO1). The discipline he received for the alleged sexual harassment did not adversely affect his rights as they related to his pre-promotion position. The rights Kriska earned in the SO1 position were not touched. The action taken simply terminated his promotional probationary period. Thus, the *Arneson* decision supports WERC's decision not to accept jurisdiction in Kriska's case. WERC acted consistently with the dictates of *Arneson*.

¶ 15. We conclude based on the plain language of the statutes and administrative code, together with the existing case law, that WERC did not have jurisdiction to hear Kriska's appeal. We hold that under the facts and circumstances of this case, DOC's termination of Kriska's probationary period for the SO2 position does not fall under Wis. Stat. § 230.44(1)(c), as DOC returned Kriska to his pre-promotion position and did not adversely affect his permanent status rights in that position. Moreover, the administrative code clearly permits dismissal "[a]t any time during" the probationary period without the right to an appeal. Wis. Admin. Code § ER-MRS 14.03. Accordingly, we affirm the decision of the circuit court, affirming WERC's determination that it lacked subject matter jurisdiction in this case.

*By the Court.*—Order affirmed.