NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2013[*]
Decided August 16, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1720

| | |
|---|---|
| WILLIE C. SIMPSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 11-cv-838-bbc |
| SCOTT K. WALKER, et al., | |
| *Defendants-Appellees.* | Barbara B. Crabb, |
| | *Judge.* |

**O R D E R**

Willie Simpson, a Wisconsin prisoner, appeals the grant of summary judgment in favor of the defendant state officials in this suit under 42 U.S.C. § 1983. He argues that they violated the Ex Post Facto Clause by retroactively applying Wisconsin's Truth-in-Sentencing law to his three sexual assault convictions. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Simpson is currently serving 65 years in prison for sexually assaulting children. He was first convicted in 1997 of second-degree sexual assault of a 13-year old. *See* WIS. STAT. § 948.02(2) (1995–96); *State ex rel. Simpson v. Schwarz*, 640 N.W.2d 527, 530 (Wis. App. Ct. 2001). The state court stayed a 15-year prison sentence and placed Simpson on probation, which was revoked in 1999 after he molested a 6-year old. *Simpson*, 640 N.W.2d at 530–31. He was then convicted on two charges of first-degree sexual assault, for which the court imposed two consecutive 25-year sentences. *See* WIS. STAT. § 948.02(1) (1997–98); *State v. Simpson*, 646 N.W.2d 855 (Wis. App. Ct. April 16, 2002) (unpublished).

Meanwhile in 1997 Wisconsin adopted a "Truth-in-Sentencing" law to ensure that actual time served more closely matched the prison sentences given. *See* 1997 WIS. ACT 283; *United States v. Buford*, 201 F.3d 937, 939–40 (7th Cir. 2000). Under the prior law, known to everyone in the Wisconsin criminal justice system as "the New Law," inmates were eligible for parole after serving a quarter of their sentences, and even those who had committed serious felonies had presumptive parole release dates set at two-thirds of their sentences. *See* WIS. STAT. §§ 302.11(1), 304.06(b); *State ex rel. Gendrich v. Litscher*, 632 N.W.2d 878, 882 (Wis. App. Ct. 2001). The new Truth-in-Sentencing law eliminated parole and replaced it with court-ordered extended supervision. *See Morales v. Boatwright*, 580 F.3d 653, 655 (7th Cir. 2009); *State v. Johnson*, 730 N.W.2d 661, 666 (Wis. App. Ct. 2007). The Truth-in-Sentencing law went into effect on December 31, 1999. *See* WIS. STAT. § 973.01(1).

Simpson sued the Governor of Wisconsin and several Department of Corrections employees under 42 U.S.C. § 1983, alleging that they had retroactively stripped him of his parole eligibility by applying the Truth-in-Sentencing law to his convictions. He pointed to notations on his recent inmate classification reports saying that he was "sentenced under New Law," which Simpson took to be a reference to Truth-in-Sentencing. The defendants responded with an affidavit from a DOC official responsible for inmate classification who explained that "New Law" was the colloquial name of the parole scheme that preceded Truth-in-Sentencing.

After determining that Simpson could sue under 42 U.S.C. § 1983, even though his goal was release on parole, *see Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the district court concluded that Simpson had offered no evidence to suggest that the Truth-in-Sentencing law had been applied retroactively to his convictions. The court explained that Simpson's classification reports showed that he retained a parole-eligibility date of August 2015 (which corresponds to a quarter of his 65-year sentence), establishing that

the DOC had correctly applied the parole regime in effect at the time of his crimes. *See* WIS. STAT. § 304.06(b). The court accordingly granted summary judgment for the defendants.

On appeal Simpson challenges the district court's conclusion that he failed to offer any evidence that his eligibility for parole had been changed based on Truth-in-Sentencing. Pointing to the notations on his classification sheets, he maintains that the ambiguity of the phrase "sentenced under New Law" creates a dispute of material fact. And in his motion to supplement his reply brief, he notes that "New Law" is not an official title.

The district court correctly concluded, however, that the undisputed facts show that the defendants did not apply the Truth-in-Sentencing law to his convictions. As the court explained, the classification forms establish that Simpson's parole-eligibility date was computed based on the parole regime that preceded Truth-in-Sentencing. He will become eligible for parole in August 2015 after serving one quarter of his 65-year sentence. *See* WIS. STAT. § 304.06(b). If the defendants were applying the Truth-in-Sentencing law to Simpson, he would not be eligible for parole at all. *See Morales*, 580 F.3d at 655. Regardless of the names used, the DOC applied the parole law in effect at the time Simpson committed his crimes, so there has been no ex post facto violation. *See Grennier v. Frank*, 453 F.3d 442, 444–45 (7th Cir. 2006).

AFFIRMED.