COURT OF APPEALS
DECISION
DATED AND FILED

August 17, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP787-CR**

Cir. Ct. No. 2017CF69

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

SHANE M. BLANKENSHIP,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and orders of the circuit court for Marquette County: MARK T. SLATE, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Shane Blankenship, pro se, appeals a judgment of conviction and orders denying his motions for sentence modification and

reconsideration. Blankenship argues that the circuit court erred in denying his motion for sentence modification based on a new factor. We reject Blankenship's arguments and affirm the judgment and orders.

## BACKGROUND

¶2 The basic facts pertinent to this appeal are not in dispute.[1] Blankenship was in charge of caring for his then-girlfriend's one-year-old child one day while his girlfriend was at work. At some point shortly after Blankenship's girlfriend returned home from work, she discovered that the child had severe bruising to his face and head. Blankenship admitted that he had been drinking alcohol and smoking marijuana while he was home with the child, but maintained that he did not know what caused the child's injuries. Blankenship was later charged with various crimes stemming from the incident, as a repeat offender.

¶3 Blankenship entered a no-contest plea to a reduced charge of recklessly causing great bodily harm to a child in violation of WIS. STAT. § 948.03(3)(a) (2021-22)[2] and to possession of THC, second or subsequent offense, in violation of WIS. STAT. §§ 961.41(3g)(e) and 939.62(1)(b), as a repeat offender. The State agreed to dismiss but read in two other related charges for consideration at sentencing.

¶4 The circuit court ordered a presentence investigation (PSI). In addition to the PSI prepared by the Department of Corrections, defense counsel

---

[1] In his reply brief to this court, Blankenship takes issue with what he submits are "inflammatory" characterizations of the facts in the State's brief. Neither the facts related to the crime as reflected in the record nor the State's characterization of them are relevant to the only issue we decide in this appeal.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

submitted a private PSI and a sentencing memorandum on Blankenship's behalf. Following an argued sentencing at which both the State and Blankenship discussed Blankenship's long history of criminality linked to his substance abuse, the court sentenced Blankenship to nine years of initial confinement and four and one-half years of extended supervision for the recklessly causing great bodily harm to a child count, and a consecutive sentence of two years of initial confinement and one year of extended supervision for the drug count. The court made Blankenship ineligible for the Challenge Incarceration Program (CIP) and the Earned Release Program (ERP).[3]

¶5     Blankenship filed a pro se motion for sentence modification. Pertaining to this appeal, Blankenship argued that his sentence should be modified to make him eligible for the ERP because of his substance abuse treatment needs.[4] He did not challenge the circuit court's finding that he is ineligible for the CIP. The

---

[3] The Challenge Incarceration Program and Earned Release Program offer inmates the potential for shortening their initial prison confinement terms. *See*, *e.g.*, ***State v. Johnson***, 2007 WI App 41, ¶7, 299 Wis. 2d 785, 730 N.W.2d 661. For the ERP, release hinges on successful completion of intensive substance abuse programming while confined. As we explained in ***Johnson***, "the exercise of discretion as to whether the inmate should be included in ERP eligibility is a matter for the [circuit] court." *Id.*, ¶14.

[4] Blankenship also raised several other arguments in his sentence modification motion, including alleging ineffective assistance of counsel based on Blankenship's alleged misunderstanding of his potential prison exposure and counsel's failure to hire an expert to investigate the report of the doctor who concluded that the child's injuries resulted from abuse. However, Blankenship does not renew any of these additional arguments in his principal brief to this court, arguing in that brief only that his treatment needs warrant sentence modification. We consider any additional arguments abandoned on appeal and do not address them further. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (holding that "an issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned").

To the extent that Blankenship attempts to resurrect on appeal the ineffective assistance of counsel argument related to trial counsel's failure to hire an expert, we do not consider this argument because he raises it for the first time in his reply brief to this court. *See State v. Marquardt*, 2001 WI App 219, ¶14 n.3, 247 Wis. 2d 765, 635 N.W.2d 188 (arguments raised for first time in reply brief will not be considered).

court construed Blankenship's arguments based on treatment needs as alleging a new factor and denied Blankenship's motion on the ground that Blankenship did not present any new factor that would justify sentence modification. Blankenship filed a motion for reconsideration, which the court also denied. Blankenship appeals.

## DISCUSSION

¶6 A circuit court has discretion to modify a sentence if a defendant presents a new factor. *State v. Macemon*, 113 Wis. 2d 662, 668, 335 N.W.2d 402 (1983). A new factor is

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*State v. Harbor*, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (internal quotation marks and quoted source omitted). "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *Id.*, ¶36. First, the defendant must "demonstrate by clear and convincing evidence the existence of a new factor." *Id.* Second, if a new factor is present, the court must determine "whether that new factor justifies modification of the sentence." *Id.*, ¶37. We resolve this appeal based on the first step of the inquiry.

¶7 Whether a set of facts constitutes a new factor is a question of law that we review de novo. *State v. Torres*, 2003 WI App 199, ¶6, 267 Wis. 2d 213, 670 N.W.2d 400.

¶8 On appeal, Blankenship argues that the circuit court erred in failing to modify his sentence to make him eligible for the ERP. He contends that because he

4

submitted to the court that he was willing to engage in treatment and that he needed treatment to help him rehabilitate while in confinement, in denying the sentence modification motion the court "failed … to carry out [its] obligations/duties to help Mr. Blankenship get the proper treatment that he needs[.]"

¶9      In support of his position, Blankenship highlights several portions of his sentencing transcript in which the parties and the court discussed Blankenship's longstanding history of substance abuse and the role that it may have played in the crimes for which he was sentenced.  Blankenship asserts that because the circuit court "[c]learly … knew all these facts about [Blankenship's] treatment needs," the court was obligated to modify the sentence to make him eligible for the ERP.  As did the circuit court, we construe Blankenship to be arguing that he is entitled to sentence modification making him eligible for the ERP because his treatment needs should be considered a new factor.[5]  As we now explain, Blankenship's argument fails because he does not demonstrate that his treatment needs are a "new factor" within the framework established in *Harbor* and its progeny.  *See Harbor*, 333 Wis. 2d 53, ¶40.

¶10     Blankenship's treatment needs are, by definition, not a new factor.  As stated above, to qualify as a new factor, the fact or facts relied on by the defendant had to be either unknown to the circuit court or unwittingly overlooked "at the time of original sentencing."  *See id.*  By Blankenship's own admission and the list of examples he provides from the sentencing transcript, it is evident that his treatment needs were well known to the sentencing court.  In advance of Blankenship's

---

[5] To the extent that Blankenship is not alleging a new factor but is simply challenging the circuit court's determination that he is ineligible for the ERP, we conclude that Blankenship has failed to demonstrate that the court's determination constitutes an erroneous exercise of discretion. *See Johnson*, 299 Wis. 2d 785, ¶14.

sentencing, both PSI writers discussed Blankenship's lengthy history of substance use and abuse, as did the State and Blankenship's trial counsel. The court acknowledged that it had read both PSIs and the court specifically spoke to Blankenship's substance abuse and treatment needs at the sentencing hearing. For example, as Blankenship acknowledges in his briefing, the court opined at sentencing that Blankenship's abuse of the child may not have been as severe "if [Blankenship] had [not] been under the influence" at the time of the offense. There is no question that the information regarding Blankenship's substance abuse history and related needs was neither unknown nor overlooked at his sentencing. Accordingly, it is not a "new factor."

¶11 When faced with "new factor" arguments similar to Blankenship's, Wisconsin appellate courts have consistently upheld circuit court decisions denying sentence modification motions. For example, in *Harbor*, our supreme court upheld as an appropriate exercise of discretion the circuit court's decision that Harbor's mental health issues did not constitute a new factor. *Id.*, ¶58. In *Prince*, we concluded that a defendant's willingness to accept and benefit from treatment is not a new factor. *State v. Prince*, 147 Wis. 2d 134, 136-37, 432 N.W.2d 646 (Ct. App. 1988). Similarly, we conclude that Blankenship's purported need for substance abuse treatment does not qualify as a new factor.

¶12 For the foregoing reasons, we conclude that the circuit court did not erroneously exercise its discretion by denying Blankenship's motion to modify his sentence to make him eligible for the ERP.

*By the Court*.—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

6