STATE of Wisconsin, Plaintiff-Respondent,

v.

Jonathan OWENS, Defendant-Appellant.†

Court of Appeals

*Nos. 2005AP1850–CR, 2005AP1851–CR. Submitted on briefs February 20, 2006.—Decided March 7, 2006.*

2006 WI App 75

(Also reported in 713 N.W.2d 187.)

† Petition to review denied 6-14-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Dianne M. Erickson* of *Wasielewski and Erickson*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Eileen W. Pray*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Jonathan Owens appeals judgments of conviction for burglary and robbery and orders denying his motion seeking participation in the Earned Release Program (ERP). Owens asserts the trial court failed to adequately explain why it denied his request for ERP eligibility. We conclude the trial court

articulated sufficient and substantial reasons for denying Owens's request. We affirm the judgments and orders.

¶ 2. On March 31, 2004, in Milwaukee County case No. 2003CF4705, Owens pled guilty to one count of burglary to a dwelling. On October 25, in case No. 2003CF6557, Owens pled guilty to one count of robbery.[1] At sentencing on December 3, the court sentenced Owens to four years' initial confinement and one year of extended supervision on the burglary charge, plus ten years' initial confinement and four years' extended supervision on the robbery charge, to be served consecutively. In both cases, the court determined Owens was ineligible for the ERP and the Challenge Incarceration Program.

¶ 3. Initially, it appeared that the court stated Owens was "not eligible by age" for either program. Owens moved for reconsideration because while the Challenge Incarceration Program has age restrictions, the ERP does not. The court stated that it had intended to refer to Owens's age regarding his eligibility for the Challenge Incarceration Program only. It then explained why it had denied Owens's participation in the ERP and denied the motion for reconsideration. Owens appeals.

¶ 4. The sole issue on appeal is whether the court properly exercised its discretion when it denied Owens participation in the ERP. He does not otherwise challenge the imposition of sentence.

---

[1] The Honorable Richard J. Sankowitz accepted Owens's plea and adjudicated him guilty on the burglary charge. The Honorable Jean W. DiMotto accepted the plea on the robbery charge and presided over the consolidated sentencing hearing.

¶ 5. The ERP is a substance abuse program administered by the Department of Corrections. WIS. STAT. § 302.05.[2] An inmate serving the confinement portion of a bifurcated sentence who successfully completes the ERP will have his or her remaining confinement period converted to extended supervision, although the total length of the sentence will not change. WIS. STAT. § 302.05(3)(c)2.

¶ 6. Subject to a few exceptions irrelevant to this appeal, when imposing a bifurcated sentence, "the court shall, *as part of the exercise of its sentencing discretion,* decide whether the person being sentenced is eligible or ineligible to participate in the earned release program . . . ." WIS. STAT. § 973.01(3g) (emphasis added).

¶ 7. Sentencing decisions are discretionary; we review only whether the trial court erroneously exercised its discretion. *State v. Spears,* 227 Wis. 2d 495, 506, 596 N.W.2d 375 (1999). A discretionary decision will be affirmed if it is made based upon the facts of record and in reliance on the appropriate law. *Id.* There is a strong public policy against interfering with the trial court's sentencing discretion, and we presume the trial court acted reasonably. *State v. Harris,* 119 Wis. 2d 612, 622, 350 N.W.2d 633 (1984).

¶ 8. In imposing sentence, the court must consider at least the three primary factors or objectives: the gravity and nature of the offense, including the effect on the victim; the character and rehabilitative needs of the offender; and the need to protect the public. *Spears,* 227 Wis. 2d at 507. There are several

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

additional factors, related to the primary factors, that the court is allowed to consider if deemed appropriate, including the defendant's prior record, need for "close rehabilitative control," and aggravated nature of the crime. *See id.* (citing *Harris*, 119 Wis. 2d at 623–24). Punishment of the defendant is also a valid *sentencing* objective. *State v. Gallion*, 2004 WI 42, ¶ 40, 270 Wis. 2d 535, 678 N.W.2d 197.

¶ 9. Owens complains that even though the trial court set forth an explanation for its sentence, it failed to separately explain its rationale for denying his ERP participation request. However, WIS. STAT. § 973.01(3g) explicitly states an ERP eligibility decision is part of the court's exercise of sentencing discretion.[3] Thus, while the trial court must state whether the defendant is eligible or ineligible for the program, we do not read the statute to require completely separate findings on the reasons for the eligibility decision, so long as the overall sentencing rationale also justifies the ERP determination.

¶ 10. Moreover, the sentencing transcript here reveals the court more than adequately explained its decision. When Owens asserted that he had a drug problem and needed assistance, the court observed that treatment had been made available to him for years and yet he never availed himself of those opportunities. Accordingly, to the extent Owens complains the court

---

[3] Because the statute specifies that the eligibility determination is part of sentencing discretion, and because sentencing factors are well-established, we decline Owens's invitation to "come up with factors judges might use" for ERP eligibility decisions.

failed to assess the likelihood of his success in the ERP, it is evident the court inferred, from his past apathy and failure to seek help, that Owens was neither sincere about wanting substance abuse treatment nor likely to succeed in the treatment program.

¶ 11. The court then determined that, given Owens's criminal record and the particularly aggravated nature of the robbery,[4] protection of the community was the paramount sentencing objective, although punishment was also important. Ultimately, the court denied Owens's participation in the ERP, stating:

> He's not eligible for . . . the Earned Release Program. The time behind bars accomplishes protection of the community, as well as punishment. Given his long record of thievery and the viciousness of the crimes, any rehabilitation in my view can only take place behind the walls of a prison, in view of his intractable anti-social manner of living and committing crimes.

In other words, the court determined the ERP to be inconsistent with the protection and punishment objectives and would not provide sufficiently "close rehabilitative control." This is not an erroneous exercise of discretion.

*By the Court.*—Judgments and orders affirmed.

---

[4] According to the complaint, Owens approached the victim on her front steps, placed a handgun to her face, demanded her purse, and threatened to kill her if she did not comply.