STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark A. JARAMILLO, Defendant-Appellant.

Court of Appeals

*No. 2008AP1785–CR. Submitted on briefs January 13, 2009.
—Decided February 17, 2009.*

2009 WI App 39

(Also reported in 765 N.W.2d 855.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Margaret A. Maroney*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Mark Jaramillo appeals a judgment of conviction for armed robbery and an order

denying his postconviction motion. During the trial, Jaramillo testified in his own defense. He subsequently filed a postconviction motion arguing he did not knowingly and voluntarily waive his right not to testify. He contends the circuit court should have conducted an on-the-record colloquy to ensure he understood he had the right not to testify. The court denied the motion, holding that the issue had to be raised within the context of an ineffective assistance of counsel claim.

¶ 2. We conclude the circuit court did not have a duty to conduct an on-the-record colloquy. However, we also conclude the court erred by holding that Jaramillo's postconviction motion needed to be raised as an ineffective assistance of counsel claim. We therefore affirm the judgment, but reverse the order denying the postconviction motion and remand for the circuit court to determine whether Jaramillo knowingly and voluntarily waived his right not to testify.

## BACKGROUND

¶ 3. Jaramillo entered the Walnut One Stop in Green Bay wearing a black stocking over his head and carrying a knife. He jumped over the counter and screamed, "Give me the fucking money." The police apprehended Jaramillo shortly after. Jaramillo first denied his involvement in the incident, but then told a police detective he had only been trying to play a joke on the clerk.

¶ 4. Jaramillo testified at his trial. He claimed he and his girlfriend conspired with the clerk to stage a robbery so that the three could steal from the store. He said he lied to the police because he "thought we'd be able to get away with it without getting in trouble." The jury found Jaramillo guilty.

¶ 5. Jaramillo filed a postconviction motion, arguing he did not know he had the right not to testify. At the motion hearing, Jaramillo testified he was unaware that if he had not testified the court would have informed the jury his silence was not evidence of his guilt.

¶ 6. The court concluded it was the duty of Jaramillo's trial counsel to ensure Jaramillo understood he did not need to testify. The court then denied the motion without deciding whether Jaramillo's waiver was knowing and voluntary.

## DISCUSSION

■

¶ 7. This appeal raises two closely related issues. The first concerns Jaramillo's right not to testify and whether it was waived. The second pertains to whether courts have an affirmative duty to conduct a colloquy during the trial to ensure the defendant has knowingly and voluntarily waived this right. These issues require the application of constitutional principles. *See State v. Weed,* 2003 WI 85, ¶ 12, 263 Wis. 2d 434, 666 N.W.2d 485. We therefore review them independently. *Id.*

■

¶ 8. Jaramillo contends the right of a criminal defendant not to testify is a fundamental right, and that a defendant's waiver of this right must therefore be knowing and voluntary. We agree.

¶ 9. The right not to testify is protected by the Fifth Amendment to the United States Constitution, which provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V; *see also* WIS. CONST. art. I, § 8. Therefore, "[t]he choice of whether to testify in one's own

defense . . . is an exercise of the constitutional privilege." *Harris v. New York*, 401 U.S. 222, 230 (1971).

¶ 10. The fundamental nature of this right is evident through decisions analyzing the corollary to this right, the right *to* testify. Locating the constitutional sources of the right to testify on one's own behalf, the United States Supreme Court observed the right to testify on one's own behalf is "a necessary corollary of the Fifth Amendment's guarantee against compelled testimony." *Rock v. Arkansas*, 483 U.S. 44, 52–53 (1987); *see also Harris*, 401 U.S. at 225 ("Every defendant is privileged to testify in his own defense, or to refuse to do so."). This right, the Court observed, is "one of the rights that 'are essential to due process of law in a fair adversary process.' " *Rock*, 483 U.S. at 51 (quoting *Faretta v. California*, 422 U.S. 806, 819, n.15 (1975)). Following *Rock*, the Wisconsin Supreme Court reaffirmed that "a criminal defendant's constitutional right to testify on his or her behalf is a fundamental right." *Weed*, 263 Wis. 2d 434, ¶ 39. It follows then that the constitutionally articulated corollary to the right to testify—the right *not* to testify—is fundamental as well.

¶ 11. Because the right not to testify is fundamental, a defendant's waiver of this right must be knowing and voluntary. In *Weed*, our state supreme court likened the corollary right to testify to the rights to appeal, the assistance of counsel, and to a trial by jury. It observed that these rights are "so fundamental to the concept of fair and impartial decision making, that their relinquishment must meet the standard set forth in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)." *Weed*, 263 Wis. 2d 434, ¶ 39. "That is," the court clarified, "the waiver must be an 'intentional relinquishment or abandonment of a known right or privilege.' " *Id.* (citation omitted). The same is necessarily true of the right not to testify.

¶ 12. The State does not address whether a defendant's waiver of the right not to testify must be knowing and voluntary. Rather, the State argues Jaramillo's postconviction motion was nothing more than a thinly disguised ineffective assistance of counsel claim. Jaramillo, however, nowhere raised this claim. Instead, he argued at the hearing that because *Weed* does not require a claim regarding waiver of the right *to* testify be raised within the context of ineffective assistance of counsel, there can be no such requirement for a claim regarding waiver of the right *not* to testify. Jaramillo buttressed this contention by asserting that the American Bar Association, in articulating the role of the defense function, has clarified that there are three decisions an attorney may not make for the defendant: whether to plead guilty, whether to have a jury trial, and whether to testify.[1] Therefore, Jaramillo asserts, the question is not simply one of the defense counsel's performance, but rather is one that goes to the heart of a decision the *defendant* must make about his or her constitutional rights.

¶ 13. We agree with Jaramillo that his claim he did not knowingly and voluntarily waive the right not to testify is not confined to a claim of ineffective

---

[1] *The ABA's Standards for Criminal Justice: Prosecution and Defense Function* actually lists five decisions which "are ultimately for the accused." They are (1) what pleas to enter; (2) whether to accept a plea agreement; (3) whether to waive a jury trial; (4) whether to testify in his or her own behalf; and (5) whether to appeal. The standard states that the accused should make these decisions "in full consultation with counsel."

Available at http://www.ababnet.org/crimjust/standards/dfunc_blk.html# 5.1 Defense Functions: Standard 4–5.2 Control and Direction of the Case.

assistance of counsel. To hold to the contrary would mix apples and oranges: whether a defendant has been denied effective assistance of counsel is an inquiry directed at the *attorney's* behavior; whereas whether a defendant knowingly and voluntarily waived the right not to testify asks what the *defendant* knew and understood. While defendants no doubt depend upon their attorneys to inform them of their rights, what a defendant comprehends is not necessarily a result of the attorney's performance.

¶ 14. The circuit court was obligated to determine at the postconviction hearing whether Jaramillo knowingly and voluntarily waived his right not to testify. This includes ascertaining whether the defendant knew about the right not to testify, the consequences of not testifying, and that this right could be exercised even if the defendant's attorney counseled to the contrary. *People v. Curtis*, 681 P.2d 504, 514 (Colo. 1984) (citations omitted). The fact that Jaramillo took the witness stand is not enough to demonstrate waiver of the right not to testify. Rather, "courts indulge every reasonable presumption against waiver of fundamental constitutional rights and . . . do not assume acquiescence in the loss of fundamental rights." *Johnson*, 304 U.S. at 464 (citations and internal quotations omitted).

¶ 15. Jaramillo argues circuit courts must conduct a colloquy before a defendant testifies to determine whether the defendant is knowingly and voluntarily waiving the right not to testify. He argues this duty is a logical extension of *Weed*, where our state supreme court required circuit courts to "conduct a colloquy with the defendant in order to ensure that the defendant is knowingly and voluntarily waiving his or her right *to* testify." *Weed*, 263 Wis. 2d 434, ¶ 40. The

State contends this obligation does not presently exist, and creating such a duty is a function of our supreme court.

¶ 16. We have previously noted that we do "not possess any supervisory authority which would permit [us] to promulgate rules of criminal practice and procedure." *State v. Perez,* 170 Wis. 2d 130, 137, 487 N.W.2d 630 (Ct. App. 1992). Rather, "Wisconsin's constitution and statutes limit such a law-developing or law-declaring function exclusively to the Wisconsin Supreme Court." *Id.* Our constitution gives the supreme court supervisory authority over all of the courts of this state, but delegates such authority to the court of appeals only over "the courts in the district." Wis. Const. art. VII § 3(2)-(3). A mandate that all courts in Wisconsin must conduct a colloquy to ensure a defendant knowingly and voluntarily waives the right not to testify must therefore come from the supreme court.

¶ 17. Although we cannot require a colloquy, we do recommend it as good practice. The comments to Wis JI—Criminal SM-28[2] acknowledge *Weed* only requires a colloquy when a defendant seeks to waive the right to testify; however, the jury instruction committee "concluded that a similar inquiry should be conducted when the defendant decides to testify, because a constitutional right is involved regardless of the decision that is made." Wis JI—Criminal SM-28, comment. A colloquy benefits not just the defendant, but the courts as well.

[2] Wisconsin JI—Criminal SM-28 was intended to provide a framework for implementing *State v. Weed,* 2003 WI 85, 263 Wis. 2d 434, 666 N.W.2d 485. Wis JI—Criminal SM-28, comment.

Just as in *Weed*, a colloquy "serves the dual purposes of ensuring that a defendant is not deprived of his [or her] constitutional rights and of efficiently guarding our scarce judicial resources." *Weed*, 263 Wis. 2d 434, ¶ 39 (quoting *State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997)).

¶ 18. Jaramillo had a fundamental constitutional right not to testify. The circuit court was not obligated to conduct a colloquy during the trial to ensure Jaramillo waived that right. Nevertheless, the court was required, once the issue was raised in the postconviction motion, to determine whether Jaramillo knowingly and voluntarily waived his right not to testify. Therefore, we remand for the parties to offer evidence should they so choose, and for the court to decide whether Jaramillo knowingly and voluntarily waived his right not to testify.

*By the Court.*—Judgment affirmed; order reversed and cause remanded for further proceedings consistent with this opinion.