COURT OF APPEALS
DECISION
DATED AND FILED

April 30, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP392-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF863

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

DEBORAH A. TURNER,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Kenosha County: GERAD T. DOUGVILLO, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Deborah A. Turner appeals from a judgment of conviction and a postconviction order in which the circuit court refused to modify its finding that she was ineligible for the Wisconsin substance abuse program (SAP).

¶2 Turner hosted a house party at which one person died from a drug overdose and four other partygoers, including Turner's own daughter, suffered from overdoses although none of the other four died as a result. Pursuant to a plea agreement, Turner entered pleas of no contest to one count of second-degree reckless homicide and three counts of second-degree recklessly endangering safety based on the events at her house. Turner faced a total of thirty years of initial confinement and twenty-five years of extended supervision. *See* WIS. STAT. §§ 940.06(1), 941.30(2), 973.01(2)(b)4., (2)(b)7., and (d)3 (2023-24)[1].

¶3 The circuit court ordered the department of corrections to prepare a presentence investigation report (PSI) after Turner entered her pleas, and Turner's attorney also had a private sentencing memorandum prepared on Turner's behalf. During the sentencing hearing, the court fully explained its sentencing rationale before making an erroneous statement, in passing, that Turner was not statutorily eligible for the challenge incarceration program or the SAP.[2] Upon considering the PSI, private sentencing memorandum, arguments of counsel, statements from one of the surviving overdose victims and Turner, a letter on Turner's behalf, and

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] The Wisconsin substance abuse program is a prison treatment program, and an inmate who successfully completes it may convert his or her remaining initial confinement time to extended supervision time. *See* WIS. STAT. §§ 302.05(1)(am), 302.05(3)(c)2. The challenge incarceration program is another prison treatment program that also allows for an early release from confinement.

the appropriate sentencing factors, the court sentenced Turner to ten years of initial confinement and nine years of extended supervision.

¶4      After sentencing, Turner filed a postconviction motion asking the circuit court to amend the judgment of conviction to make Turner eligible for the SAP.   Turner argued that, although not eligible for the SAP on her reckless-homicide conviction, the court should have found Turner eligible for the SAP on her three reckless-endangerment convictions.   *See* WIS. STAT. § 302.05(3)(a).  The court denied the motion, explaining as follows:

> The court carefully considered eligibility for such programming and ultimately denied it.  The court believed at the time, and still does, that it would unduly depreciate the seriousness of the offense for the defendant to serve anything less than the full amount ordered by the court at the time of sentencing.

¶5      The court further explained that Turner had presented no evidence demonstrating an erroneous exercise of discretion, noting that "[n]ew levels of dissatisfaction related [to] eligibility in the SAP are not legal grounds for a sentence modification."   Turner appeals, asking this court to reverse the circuit court's finding that she is not eligible for participation in the SAP.[3]

¶6      As we noted in footnote two, the SAP is a prison treatment program that provides inmates who successfully complete the program an opportunity to gain early release from the confinement portion of a bifurcated sentence.  *See* WIS. STAT. §§ 302.05(1)(am), 302.05(3)(c)2.  Pursuant to statute, a person convicted of

---

[3] The State argues that Turner forfeited her right to appeal the circuit court's determination that she is not eligible for the SAP.  We reject this argument because, as Turner correctly states, our supreme court has held that filing a postconviction motion, as Turner did, "is a timely means of raising an alleged error by the circuit court during sentencing."  *See State v. Grady*, 2007 WI 81, ¶14 n.4, 302 Wis. 2d 80, 734 N.W.2d 364.

certain specified crimes is disqualified from participating in the program. *See* § 302.05(3)(a)1. Turner's reckless-endangerment convictions did not statutorily disqualify her from participation. *See id.* When sentencing a person who is not statutorily disqualified, the circuit court is required to determine, in the exercise of its discretion, whether the person is eligible to participate in the program. *See* WIS. STAT. § 973.01(3g); *see also* **State v. Owens**, 2006 WI App 75, ¶¶6-7, 291 Wis. 2d 229, 713 N.W.2d 187.

¶7 On appeal, Turner argues that "[t]he court did not properly exercise its discretion when it determined that [she] was not eligible for [the] SAP." "A circuit court exercises its discretion at sentencing, and appellate review is limited to determining if the court's discretion was erroneously exercised." **State v. Brown**, 2006 WI 131, ¶19, 298 Wis. 2d 37, 725 N.W.2d 262.

¶8 A circuit court's decision regarding eligibility for the program represents an appropriate exercise of discretion "so long as the overall sentencing rationale ... justifies the ... determination." **Owens**, 291 Wis. 2d 229, ¶9. To properly exercise sentencing discretion, a circuit court must identify the objectives of the sentence. *See* **State v. Gallion**, 2004 WI 42, ¶40, 270 Wis. 2d 535, 678 N.W.2d 197. In seeking to fulfill the sentencing objectives, the court must consider the primary sentencing factors of "the gravity of the offense, the character of the defendant, and the need to protect the public." **State v. Ziegler**, 2006 WI App 49, ¶23, 289 Wis. 2d 594, 712 N.W.2d 76. The court may also consider a wide range of other factors concerning the defendant, the offense, and the community. *See id.* The court has discretion to determine both the factors that are relevant to the sentencing decision and the weight to assign to each relevant factor. **State v. Stenzel**, 2004 WI App 181, ¶16, 276 Wis. 2d 224, 688 N.W.2d 20. Strong public policy dictates against appellate interference with a circuit court's

sentencing discretion, and we presume the court acted reasonably in exercising that discretion. *See id.*, ¶7.

¶9 Our review of the record here shows that the circuit court did not erroneously exercise its discretion in finding Turner ineligible for the SAP. At sentencing, the court properly observed that it must consider "the gravity of the offense, the character of the offender[,] and the need to protect the public." *See, e.g., Ziegler*, 289 Wis. 2d 594, ¶23. The court then provided careful analysis of Turner's convictions in light of these standards.

¶10 Regarding the gravity of the offense, the circuit court highlighted the charges and the horrifying scene encountered by officers upon their arrival at Turner's house (with one person not breathing and unresponsive, while other partygoers gradually fell victim to the drugs before the officers' eyes). The court reviewed the counts of the third amended information that Turner entered no contest pleas to—one count of second-degree reckless homicide and three counts of second-degree recklessly endangering safety. The court stated the reason for the charges was "not because [Turner] had a barbecue at [her] house, [but] because [she] brought heroin to a barbecue which everybody thought was cocaine, and they all ingested it and then they all overdosed and [one victim] is dead." The court also found that the seriousness of Turner's conduct was amplified by the fact that she left the scene, her own house, while people all around her were dropping from drug overdoses.

¶11 The circuit court next considered Turner's character. The court recognized that "Turner does have a number of positive pro-social qualities" that weighed in her favor at sentencing. It also credited Turner for having a number of people in her life who are supportive and loving toward her. On the flip side of

her character, however, the court noted that Turner continued, even at sentencing, to deflect responsibility for the overdoses in what the court called a "borderline veiled attempt of acceptance of accountability." In sum, the court did not believe that Turner was remorseful for her actions.

¶12 Finally, the circuit court considered the need to protect the public. It indicated that "protection of the community [is absolutely] a tenet here." The court further observed that "as a proper deterrence to the community at-large and as a proper punishment to [ ] Turner, the [c]ourt is going to impose a prison sentence on these matters."

¶13 In its order denying Turner's postconviction motion to make her eligible for the SAP, the circuit court repeated its rationale for denying Turner eligibility at sentencing. As quoted above, the court noted that it was not appropriate to make Turner eligible for an early release program under the circumstances. It noted that at sentencing it had "carefully considered eligibility for such programming and ultimately denied it." The court found that granting Turner eligibility for early release would "unduly depreciate the seriousness of the offense for [Turner] to serve anything less than the full amount ordered by the court at the time of sentencing."

¶14 In sum, the circuit court considered appropriate and relevant factors in fashioning Turner's aggregate sentence and concluded that any disposition potentially resulting in less than ten years of initial confinement would undermine the purposes of that sentence. Accordingly, the court properly exercised its discretion by declaring Turner ineligible for the Wisconsin substance abuse program to ensure that she served the necessary period of initial confinement. *See Owens*, 291 Wis. 2d 229, ¶9.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.