COURT OF APPEALS
DECISION
DATED AND FILED

June 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2023AP1384-CR**

Cir. Ct. No. 2017CF1380

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DREW J. CHACON,

    DEFENDANT-APPELLANT.

---

        APPEAL from a judgment and an order of the circuit court for Racine County: ROBERT S. REPISCHAK, Judge. *Affirmed.*

        Before Gundrum, P.J., Grogan, and Lazar, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Drew J. Chacon appeals a judgment of conviction for operating while intoxicated as a seventh offense.  He also appeals an order denying his postconviction motion for sentence modification or resentencing.  We affirm.

## BACKGROUND

¶2     On October 5, 2017, an officer observed a vehicle that, among other things, crossed the center line into oncoming traffic.  Chacon, who was then on bond for another operating-while-intoxicated offense, was driving.  He was ultimately arrested.  Subsequent blood testing revealed Chacon had a blood-alcohol concentration of .332g/100mL.

¶3     Pursuant to a plea agreement, Chacon pled guilty to operating while intoxicated as a seventh offense.  The State agreed to dismiss the remaining charges and to recommend a prison sentence of five years of initial confinement and five years of extended supervision.  The circuit court accepted Chacon's plea and found him guilty.  It ordered a presentence investigation ("PSI") report.

¶4     At sentencing, the State recommended a sentence of five years of initial confinement and five years of extended supervision.  Chacon asked the circuit court to sentence him to the mandatory minimum of three years of initial confinement and five years of extended supervision.  He requested the court make him eligible for the Substance Abuse Program ("SAP") and for his sentence to run concurrent to his other operating-while-intoxicated sentence.

¶5     The circuit court sentenced Chacon to five years of initial confinement and five years of extended supervision.  The court examined the relevant sentencing factors and concluded that protecting the public and punishment were its

"paramount" objectives. The court recognized Chacon's rehabilitative needs; however, the court determined those needs were best "addressed in a confined setting" given his failure to engage in counseling and his continued alcohol abuse in the community. Noting the "repetitive nature" of his crimes, the court ordered Chacon to serve his sentence consecutively to his other sentence and denied him eligibility for the SAP.

¶6      Chacon moved for postconviction relief, raising various arguments related to sentencing. He argued the circuit court's sentence was "unduly harsh" because the court refused to make his sentence concurrent to his other operating-while-intoxicated sentence. He asserted the court erroneously exercised its sentencing discretion when it failed to make him eligible for the SAP. He argued a new factor—specifically, and as relevant, character letters, warranted resentencing. Finally, he argued trial counsel was ineffective for failing to obtain, before sentencing, a sentencing memorandum and character letters that were filed by a different attorney in another one of Chacon's operating while intoxicated cases. Following a hearing, the circuit court denied Chacon's motion.

## DISCUSSION

¶7      Chacon renews his arguments on appeal. We address each in turn.

### I.      Unduly harsh and excessive

¶8      Chacon first argues the circuit court erroneously exercised its sentencing discretion by imposing an "unduly harsh and excessive sentence." He emphasizes mitigating factors that he believes the court should have more seriously considered when fashioning its sentence, such as Chacon's educational background and work history, his allocution, his family support, and the fact that Chacon had

never been directly sentenced to prison. He wants his sentence to run concurrent to his other operating-while-intoxicated sentence.

¶9      We begin our analysis by observing that operating while intoxicated as a seventh offense is a class F felony. WIS. STAT. § 346.65(2)(am)6 (2023-24).[1] At sentencing, Chacon faced a maximum sentence of seven years and six months of initial confinement and five years of extended supervision. *See* WIS. STAT. § 973.01(2)(b)6m. & (d)4. He also faced a mandatory minimum sentence of three years of initial confinement. *See* § 346.65(2)(am)6.

¶10      Here, the circuit court sentenced Chacon to five years of initial confinement and five years of extended supervision to be served consecutive to his other sentence. This sentence is well within the limits of the maximum sentence. *See State v. Scaccio*, 2000 WI App 265, ¶18, 240 Wis. 2d 95, 622 N.W.2d 449 ("A sentence well within the limits of the maximum sentence is unlikely to be unduly harsh or unconscionable."). In addition, the court considered a number of factors relevant to sentencing in deciding that the prison term was reasonable. Although Chacon emphasizes mitigating factors, the court was permitted to make public protection and punishment its paramount sentencing objectives and to make Chacon's sentence consecutive to his other sentence. As the court explained:

> You, sir, when you get into the community and you drink and you get behind the wheel, you're a danger to everybody that shares the road with you and you've shown repeatedly that you're unable to conform your conduct and have repeatedly jeopardized the safety of the community over and over and over again. So while rehabilitation is a factor I must consider, the protection of the public and punishment trumps rehabilitation.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶11 Given the record in this case, we cannot say the circuit court erroneously exercised its discretion by making protection of the public and punishment its paramount sentencing objectives and sentencing Chacon to a consecutive sentence of five years of initial confinement and five years of extended supervision. *See State v. Gallion*, 2004 WI 42, ¶41, 270 Wis. 2d 535, 678 N.W.2d 197 (the circuit court has discretion over which objectives it gives the greatest weight in each case). We also conclude that Chacon's sentence is not "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *See Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). The sentence is not unduly harsh and excessive.

## II. Substance Abuse Program

¶12 Chacon next argues the circuit court erroneously exercised its sentencing discretion when it denied him eligibility for the SAP. Sentencing decisions—including decisions on a defendant's eligibility for the SAP—are discretionary; this court reviews only whether the circuit court erroneously exercised its discretion. *See State v. Owens*, 2006 WI App 75, ¶¶7, 9, 291 Wis. 2d 229, 713 N.W.2d 187. We will affirm the circuit court's program-eligibility determination if "the overall sentencing rationale … justifies the … determination." *Id.*, ¶9.

¶13 Here, the circuit court denied Chacon eligibility for the SAP "given the repetitive nature for this offense." The court also explained its paramount sentencing objectives were punishment and protection of the public as opposed to Chacon's rehabilitation. At the postconviction hearing, the circuit court further elaborated that it denied eligibility for the SAP because:

> [Chacon] has had numerous opportunities in his life to get counseling. Whether it's forced by D.O.C. or he could do it on his own, he didn't do it. So I am not going to at this point in time say, okay. We will put you on this program so that you can lessen your sentence again.

¶14 On appeal, Chacon offers various reasons as to why the circuit court should have made him eligible for the SAP (e.g., he would have to serve multiple years of initial confinement before he could participate in the program, he has an alcohol addiction, he has never participated in the SAP before, he has positive reports from the Department of Corrections, etc.). These reasons, however, do not make the circuit court's decision an erroneous exercise of discretion. The court's sentencing analysis and postconviction comments made clear it appropriately exercised its discretion when it denied Chacon the SAP eligibility. *See Owens*, 291 Wis. 2d 229, ¶¶7, 9 (program eligibility left to the circuit court's discretion).

### III. New factor

¶15 Chacon then argues a new factor—specifically, character letters—warrants resentencing. As background to this argument, while this case was pending, Chacon was sentenced in a different operating-while-intoxicated case in Milwaukee County. In the Milwaukee case, his trial counsel submitted character letters prior to Chacon's sentencing. The character letters were not filed in this case before sentencing. Chacon argues that these character letters constitute a new factor in this case that warrant resentencing.

¶16 "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *State v. Harbor*, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828. Chacon first must demonstrate by clear and convincing evidence the existence of a new factor. *Id.* Then, "if a new factor is present, the circuit court determines whether that new factor justifies modification of the sentence." *Id.*, ¶37.

6

¶17    A new factor is defined as "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Id.*, ¶40 (citation omitted). In this case, the circuit court concluded that Chacon had failed to establish the existence of a new factor. The character letters existed at the time of Chacon's sentencing, and the court found Chacon presented no evidence to establish that his character letters were "unknowingly overlooked by all of the parties." The court emphasized that Chacon elected not to testify in support of his various postconviction claims. The court concluded the character letters were known to Chacon at the time of his sentencing in this case but simply not used.

¶18    We agree with the circuit court. Chacon had the burden of proving the character letters were not in existence or in existence but unknowingly overlooked by all the parties. He failed to establish the character letters constituted a new factor. *See Harbor*, 333 Wis. 2d 53, ¶¶ 36, 40. Because he did not establish the existence of a new factor, he is not entitled to resentencing based on a new factor. *See id.*, ¶35.

¶19    In any event, even if Chacon established the letters constituted a new factor, the circuit court stated it had reviewed the character letters and they would not have justified modification of Chacon's sentence. The court explained:

> I got to tell you those letters would have been meaningless in this case.
>
> While they indicate that Mr. Chacon is a good worker, people like him, they acknowledge that he has an addiction to alcohol. They would not have, if submitted, they would not have made a difference in my sentencing analysis.
>
> The fact that he is a good worker, while interesting[] and some times important, that pales in comparison to having to

7

> look at a case with seventh offense OWI with .332 BAC while he was out on bond in the Milwaukee matter, violating that bond, committing this offense here.
>
> The fact that he is a good worker, while interesting, would not have been a significant factor for me to consider at sentencing.

¶20    On appeal, Chacon has not established the circuit court erroneously exercised its sentencing discretion by determining the character letters would not have justified sentence modification. Chacon has failed to establish he is entitled to sentence modification based on the existence of a new factor.

### IV.    Ineffective assistance of counsel

¶21    Finally, Chacon argues trial counsel was ineffective for failing to adequately prepare for sentencing. To establish a claim of ineffective assistance, a defendant must prove both: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both elements of the ineffective assistance test if the defendant fails to make a sufficient showing on one of them. *State v. Dalton*, 2018 WI 85, ¶32, 383 Wis. 2d 147, 914 N.W.2d 120.

¶22    "To demonstrate deficient performance, a defendant must show that counsel's representation fell below an objective standard of reasonableness considering all the circumstances." *Id.*, ¶34. "In evaluating counsel's performance, this court is highly deferential to counsel's strategic decisions." *Id.*, ¶35. We must make "every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

¶23 "To prove prejudice, a defendant must establish that '*particular* errors of counsel were unreasonable' and 'that they *actually* had an adverse effect on the defense.'" ***State v. Sholar***, 2018 WI 53, ¶33, 381 Wis. 2d 560, 912 N.W.2d 89 (citation omitted). We evaluate whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Strickland***, 466 U.S. at 694.

¶24 On appeal, Chacon argues counsel was ineffective for failing to adequately prepare for sentencing. He provides a list of things he believed trial counsel should have done, but failed to do, to prepare for Chacon's sentencing. He renews his argument from his postconviction motion that trial counsel should have obtained the sentencing memoranda and character letters from his Milwaukee operating-while-intoxicated case. He also argues trial counsel should have obtained his revocation packet from his revocation case.

¶25 Chacon, however, fails to explain why trial counsel was deficient for failing to obtain these things. In his postconviction motion, Chacon argued that the sentencing memoranda contained information about his "education and employment background, earlier cases, Chacon's remorse and cooperation, and very importantly, Mr. Chacon's character." Chacon also argued "the character letters, if his trial attorney in the present case had obtained them would have greatly assisted in considerations taken into account at the sentencing hearing by this Court."

¶26 However, at the postconviction motion hearing, the court found the PSI report contained information regarding Chacon's education, family, work, and "the areas that are important to review when the Court is looking at an individual as an individual for an individual sentencing." The circuit court observed that trial

attorneys "are not mandated" to submit character letters or other documentation in advance of sentencing, that Chacon's trial attorney relied on the information contained in the PSI, and that, if the character letters from the Milwaukee case had been submitted, they "would have been meaningless" in this case. The court also observed Chacon's trial counsel indicated he did not see the character letters or remembered discussing them with Chacon. The court found "[Chacon] didn't bring them up," yet the letters "were clearly known to [Chacon]." The court noted that Chacon "declined to testify that he told [trial counsel] about those letters." The court found Chacon did not require trial counsel to provide those letters to the court.

¶27 We conclude Chacon has failed to establish his trial counsel was deficient at sentencing for failing to obtain the sentencing memoranda, character letters, or revocation packet from other cases before sentencing. He has presented no authority for the proposition that counsel is deficient if counsel fails to obtain these things before sentencing. The circuit court further found that Chacon did not tell counsel about the character letters from the Milwaukee case. The record reflects that at sentencing Chacon's trial counsel offered an appropriate argument defending his recommendation that Chacon receive a more lenient prison sentence than that recommended by the State. At sentencing, counsel stressed various mitigating factors that included his alcohol addiction, lack of recent criminal history, outstanding work history, participation in Alcoholics Anonymous, familial support, and other positive attributes that could have justified a shorter term of confinement. We cannot conclude counsel's representation "fell below an objective standard of reasonableness considering all the circumstances." *Dalton*, 383 Wis. 2d 147, ¶34. Chacon has not established counsel was ineffective.

10

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.