# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 20, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2128-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF289

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

MICHAEL J. BLOOM,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael J. Bloom appeals a judgment of conviction for fifth-offense operating while intoxicated ("OWI") and an order denying his postconviction motion. Bloom contends that he was entitled to an evidentiary hearing on his ineffective assistance of counsel claims and that the circuit court erroneously exercised its discretion in deeming Bloom ineligible for the Substance Abuse Program ("SAP"). Bloom raises two ineffective assistance claims: first, that defense counsel was ineffective in handling the State's failure to preserve a written statement provided by a witness to law enforcement, and second, that defense counsel should have objected because the colloquy regarding Bloom's right to testify wrongly gave him the impression that if he testified, the jury would learn about his prior OWI convictions.

¶2 We reject Bloom's arguments. His ineffective assistance claim based on the State's failure to preserve the written witness statement fails because there is no evidence that the written statement was material, exculpatory, or unobtainable in any other way. Bloom's second ineffective assistance argument is similarly unavailing; the Record conclusively shows that Bloom had made the decision not to testify before the circuit court mentioned the possibility of cross-examination using prior convictions. Finally, regarding Bloom's sentencing claim, the court's sentence was individualized and its comments on the efficacy of the SAP did not indicate a categorical rejection of the program. Accordingly, we affirm.

## BACKGROUND

¶3     On March 15, 2021, the State charged Bloom with fifth-offense OWI. *See* WIS. STAT. §§ 346.63(1)(a) and 346.65(2)(am)5. (2023-24).[1]  The day prior, Paul N. had called 911 to report that an SUV had driven into a ditch near his residence.  Paul told law enforcement that he saw a very intoxicated man exit the SUV.  The man fled on foot when Paul told him that police were on their way.  Paul, with the help of his dog, found Bloom nearby, and Bloom was taken into custody.  Bloom had a blood alcohol concentration level of .310 grams per 100 milliliters.

¶4     The case was tried to a jury.  At trial, Paul testified that he was watching television at night at his residence when he heard an engine revving outside.  Paul saw headlights in the woods and went outside with a flashlight.  As Paul reached the halfway point of his driveway, he heard the engine stop revving and called 911.  By the time Paul reached the end of his driveway, he heard the engine was off.  Paul saw that there was an SUV in the ditch and approached.  As he did so, he saw a male exit the vehicle from the driver's seat.  The man took off when Paul told him he had called the police.

¶5     Afterwards, Paul provided a written statement to Sheriff's Deputy Timothy Thornton, who subsequently testified that the statement had been lost after it was submitted to the department's records division.  However, Deputy Thornton testified that his incident report contained Paul's statement in substance

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

and that the report would have noted any inconsistencies between Paul's initial account of the incident and his subsequent written statement.

¶6 Jeffrey E., Bloom's friend, testified for the defense and stated that he and Bloom had gone fishing in Illinois on the day of the accident. Jeffrey testified that as he was driving Bloom home in Jeffrey's SUV, they got into an argument and he drove into a ditch. Afterwards, Jeffrey said he took the SUV keys, walked to Bloom's house, left those keys there, and drove home in Bloom's vehicle. According to Jeffrey, at no point did Bloom drive while intoxicated. However, Jeffrey did not come forward to provide a statement to the police after learning that Bloom had been arrested and charged with OWI.

¶7 At trial, the circuit court began a colloquy with Bloom regarding his right to testify by noting that Bloom's attorney had informed the court that Bloom would not testify. As part of the colloquy, the court advised that Bloom could be cross-examined if he testified, including regarding his criminal record. The court explained that it did not know whether it would permit the prosecutor to ask about Bloom's prior OWI convictions, but that it was possible. Following the remainder of the colloquy, Bloom confirmed his decision not to testify. Defense counsel did not object to the nature of the colloquy.

¶8 The jury found Bloom guilty. The circuit court sentenced Bloom to three years of initial confinement and five years of extended supervision. The court also deemed him ineligible for the SAP. The court questioned the efficacy of the program saying, "I don't buy into this idea that ... treatment is the only way to deal with DWI, and as a matter of fact, I don't think it is generally shown to be that effective." The court also stated its rationale for the sentence stating, "We

4

want to make an example of somebody who does something like that. ... You are going to have to pay a price for this kind of behavior so don't do it."

¶9    Bloom filed a postconviction motion. In it, he raised two claims of ineffective assistance of counsel, arguing his trial attorney failed to provide constitutionally adequate representation in the handling of Paul's missing written statement, and by failing to object to the circuit court's explanation during the waiver colloquy of how Bloom might be cross-examined regarding his prior OWIs. Bloom also argued that, when sentencing him, the court erred by making him ineligible for the SAP. The court denied the motion, as well as a motion for reconsideration, without an evidentiary hearing.

## DISCUSSION

¶10    On appeal, Bloom renews his arguments that trial counsel was constitutionally ineffective for not raising a destruction of evidence claim and for not objecting to the circuit court's explanation of the scope of potential cross-examination during the waiver colloquy. Bloom argues that, at a minimum, his ineffective assistance claims were sufficiently pled, and that he is entitled to hearings on these claims. Bloom also renews his argument that the court erred by making him ineligible for the SAP. We reject his arguments for the reasons that follow.

I.    *Bloom did not receive constitutionally ineffective assistance regarding the missing witness statement or his right to testify.*

¶11    Whether a defendant was denied the right to effective assistance of counsel is a mixed question of fact and law. *State v. Mayo*, 2007 WI 78, ¶32, 301 Wis. 2d 642, 734 N.W.2d 115. The circuit court's factual findings must be upheld unless clearly erroneous, while its application of constitutional principles to those

5

facts is reviewed independently. *See id.* This court also reviews de novo whether the allegations in a postconviction motion are sufficient to warrant an evidentiary hearing. *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996).

¶12 To prevail on a claim of ineffective assistance of counsel, the defendant must prove both that his lawyer's representation was deficient and that he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is defined as specific acts or omissions of counsel that were "outside the wide range of professionally competent assistance," and there is a strong presumption that counsel rendered adequate assistance. *Id*. at 690.

¶13 To prove prejudice, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Pitsch*, 124 Wis. 2d 628, 642, 369 N.W.2d 711 (1985) (quoting *Strickland*, 466 U.S. at 694). A defendant is entitled to an evidentiary hearing on a claim of ineffective assistance if the postconviction motion "alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

> *A. Bloom's motion did not articulate a potentially meritorious ineffective assistance claim regarding Paul's missing statement.*

¶14 A defendant's right to due process can be violated in two ways when the state fails to preserve evidence. *State v. Greenwold*, 189 Wis. 2d 59, 67, 525 N.W.2d 294 (1994). However, Bloom argues that his due process rights were violated in only one way here, when police failed to preserve "evidence that might

be expected to play a role in the suspect's defense." *California v. Trombetta*, 467 U.S. 479, 488 (1984). To satisfy this standard, the evidence must both: (1) "possess an *exculpatory value* that was *apparent* to those who had custody of the evidence ... before the evidence was destroyed, *and* (2) ... be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *State v. Oinas*, 125 Wis. 2d 487, 490, 373 N.W.2d 463 (Ct. App. 1985) (discussing *Trombetta*, 467 U.S. at 488–89). To satisfy this standard, the defendant must prove that the evidence was not merely potentially exculpatory, but apparently exculpatory. *State v. Munford*, 2010 WI App 168, ¶21, 330 Wis. 2d 575, 794 N.W.2d 264.

¶15 Bloom asserts that the missing statement from Paul had apparent exculpatory value because it could be used to impeach Paul. The logic he uses to reach this point is murky at best. Bloom focuses on Paul's trial testimony that he heard the SUV's engine shut off while Bloom was the only vehicle occupant, observing that this testimony contradicted Jeffrey's assertion that he took the SUV keys and departed on foot. Bloom asserts Paul's missing written statement must not have included Paul's trial assertion that he heard the engine turn off, because that assertion was not present in the police incident report and surely would have been recorded.

¶16 Among the many problems with this argument, the most significant is that the police report is not in the appellate record. Without the police report, it is impossible for this court to conduct the comparative exercise that Bloom encourages and to verify that the police report does not, in fact, include the information Paul provided at trial. Bloom concedes the report is not in the Record, but he argues that he would have introduced it as an exhibit had an evidentiary hearing been held. He does not explain why the report was not included as an

attachment to his motion or submitted via affidavit with the motion. Without the police report, the motion was speculative, and the circuit court properly denied it without a hearing. *See State v. Wirts*, 176 Wis. 2d 174, 187, 500 N.W.2d 317 (Ct. App. 1993).

¶17 Even assuming the statement (and police report) did not mention hearing the engine shut off, Bloom has failed to demonstrate this was material information that held apparent exculpatory value. Bloom does not suggest the statement or police report contradicted Paul's testimony that the vehicle was running at the time Paul's attention was drawn to it, and therefore the keys must have been with the vehicle and not, as Jeffrey claimed, in Jeffrey's possession. The additional information that Paul heard the vehicle turn off while he was in his driveway does not add anything to support Jeffrey's account. Bloom's motion fails to establish deficient performance or prejudice stemming from his trial attorney's handling of the missing witness statement.

> *B. Bloom's motion was insufficient to demonstrate a potentially meritorious issue regarding his attorney's constitutional effectiveness during the colloquy about Bloom's potential testimony.*

¶18 Bloom next asserts that his trial attorney was constitutionally ineffective for his handling of the colloquy regarding Bloom's right to testify. A defendant's waiver of his or her right to testify must be knowing, intelligent, and voluntary. *State v. Jaramillo*, 2009 WI App 39, ¶11, 316 Wis. 2d 538, 765 N.W.2d 855. Circuit courts are mandated to conduct a colloquy with the defendant who elects not to testify to ensure that the defendant is waiving the right knowingly, intelligently, and voluntarily. *State v. Weed*, 2003 WI 85, ¶¶40-41, 263 Wis. 2d 434, 666 N.W.2d 485. The colloquy should be "simple and straightforward" to avoid interfering with trial strategy and the attorney-client

relationship. *Id.*, ¶41. The court must inquire whether: "(1) the defendant is aware of his or her right to testify and (2) the defendant has discussed this right with his or her counsel." *Id.*, ¶43.

¶19 We reject Bloom's assertion because the Record conclusively demonstrates that Bloom is not entitled to relief. Bloom had already made the decision not to testify before the colloquy, which the circuit court acknowledged when it stated, "Mr. Bloom, your lawyer has indicated you don't desire to testify in the case." The alleged error by counsel in failing to object to the colloquy to ensure that Bloom understood how his prior convictions could be used against him at trial was not prejudicial because Bloom had already made up his mind not to testify before the colloquy. *See State v. Nelson*, 2014 WI 70, ¶35, 355 Wis. 2d 722, 849 N.W.2d 317. Thus, even assuming Bloom interpreted the court's comments during the colloquy as potentially allowing cross-examination on the nature of his prior convictions and not just their number, *see State v. Alexander*, 214 Wis. 2d 628, 649–50, 571 N.W.2d 662 (1997), trial counsel's failure to object during the colloquy was not prejudicial.[2]

    II.    *The circuit court did not erroneously exercise its discretion by deeming Bloom ineligible for the SAP.*

¶20 When sentencing, a circuit court's decision to deny eligibility for the SAP is reviewed for an erroneous exercise of discretion. *See State v. Owens*, 2006 WI App 75, ¶¶6-7, 291 Wis. 2d 229, 713 N.W.2d 187. "A discretionary decision

---

[2] Bloom also argues that defense counsel's errors were prejudicial in their cumulative effect. *See State v. Thiel*, 2003 WI 111, ¶¶59–60, 264 Wis 2d 571, 665 N.W.2d 305. However, there is no cumulative prejudice because any deficiencies by counsel were not prejudicial.

will be affirmed if it is made based upon the facts of record and in reliance on the appropriate law." *Id.*, ¶7.

¶21  Bloom has not demonstrated that the circuit court erroneously exercised its discretion when it denied him eligibility for the SAP. Bloom argues that the court had a categorical policy against SAP eligibility. He contends that the court's purported categorical policy deprived him of an individualized sentence. We disagree.

¶22  A circuit court must provide "a rational and explainable basis" for the sentence imposed. *McCleary v. State*, 49 Wis. 2d 263, 276, 182 N.W.2d 512 (1971). The court has "wide discretion in determining" which factors should carry the most weight in a given case. *State v. Gallion*, 2004 WI 42, ¶68, 270 Wis. 2d 535, 678 N.W.2d 197. However, the court must consider the protection of the public, the gravity of the offense, and the defendant's rehabilitative needs. *See Id.*, ¶23. The court is also free to weigh a range of additional considerations relevant to sentencing. *Harris v. State*, 75 Wis. 2d 513, 519–20, 250 N.W.2d 7 (1977).

¶23  There is "a 'strong public policy against interference with the sentencing discretion of the [circuit] court and sentences are afforded the presumption that the [circuit] court acted reasonably.'" *State v. Spears*, 227 Wis. 2d 495, 506, 596 N.W.2d 375 (1999) (citation omitted). The court's discretionary decision on eligibility to participate in SAP is an example of the court's wide exercise of its sentencing discretion. *See Owens*, 291 Wis. 2d 229, ¶9.

¶24  Here, the circuit court's sentencing comments are not indicative of a general, as opposed to individualized, sentencing policy. The court clearly did not

view the SAP favorably, but it did not categorically rule out ever using the program. Additionally, the court's sentence was otherwise tailored to the facts of Bloom's case. The court stated that its sentencing objective was to make an example out of Bloom to deter others from committing the same offense due to the gravity of the offense and the danger to the public that OWI poses, particularly given Bloom's extreme level of intoxication, his flight from the scene, and that this was a fifth offense. This rationale was also linked to the denial of SAP eligibility; completion of the SAP reduces the confinement period of a sentence, and this would have undermined the goal of deterrence.

## CONCLUSION

¶25 Bloom has not established that he suffered prejudice for either of his ineffective assistance of counsel claims because he has failed to show that the lost statement was material or exculpatory and he had already decided not to testify before the colloquy. Therefore, the circuit court properly dismissed his claims for ineffective assistance of counsel without a hearing. Additionally, since Bloom failed to show that the court erred by deeming him ineligible for the substance abuse program, the court properly dismissed this claim without a hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

11